# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENNIE NORELLI,<br><br>    Plaintiff,<br> v.<br>SCOTT KERNAN, *et al.*,<br><br>    Defendants. | Case No. CV 18-00768 CJC (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

  On January 30, 2018, plaintiff, a state prisoner presently confined at Corcoran State Prison in Corcoran, California, filed a Complaint (ECF No. 1) in this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff subsequently was granted leave to proceed without prepayment of the filing fees. (ECF No. 11.) The Complaint names as defendants Scott Kernan, Secretary of the California Department of Corrections and Rehabilitation ("CDCR"); Kathleen Allison, Director of the CDCR's "Adult Division"; Victoria Rodriguez, a Probation Officer with the Los Angeles County Probation Office; and several "Doe" defendants. Plaintiff names each defendant in his or her official as well as individual capacity. (*Id.* at 3-5.)

  Plaintiff's claims appear to arise from plaintiff's time on probation "pursuant to post release community supervision" ("PRCS"). (*Id.* at 2.) Plaintiff claims that a

violation of a provision of state law forced upon plaintiff "unsafe, dangerous and cruel conditions" and that the "denial of ADA provisions and safeguards discriminated [sic] plaintiff as a disabled person." (ECF No. 1 at 16.) Plaintiff also claims that defendants' conduct inflicted "cruel and unusual treatment and denial of plaintiff's equal protection [sic]." (*Id.*) Plaintiff seeks injunctive relief, in part, ordering defendants to "release plaintiff as a non-violent offender under the newly enacted Proposition 57," the provision of "social services," and compensatory and punitive damages. (*Id.* at 17-18.)

The Court has screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 134 S. Ct. 2056, 2065 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). Rather, a

court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013). Then, "dismissal is appropriate where the plaintiff failed to allege enough *facts* to state a claim to relief that is plausible on its face." *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (internal quotation marks omitted, emphasis added).

Further, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). However, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

In addition, Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct. No technical form is required." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

Following careful review of the Complaint, the Court finds that it fails to comply with Rule 8 because it fails to state a short and plain statement of each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. In addition, its allegations appear insufficient to state any claim upon which relief may be granted. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by

amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[1]

### A. <u>Claims challenging plaintiff's conviction or sentence</u>

The Complaint seeks plaintiff's release from state prison. (ECF No. 1 at 17-18.) Plaintiff also alleges that he was "wrongfully convicted" and that his conviction following an arrest in October 2015 resulted from the prosecution's withholding of evidence and use of "perjured testimony." (*Id.* at 12, 14.)

To the extent that plaintiff is seeking to overturn a criminal conviction or reduce his sentence, a petition for habeas corpus is a prisoner's sole judicial remedy when attacking "the validity of the fact or length of . . . confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1990). Thus, plaintiff may not use a civil rights action to challenge the validity or duration of a conviction or incarceration. Such relief only is available in a habeas corpus action. In addition, to the extent that plaintiff is attempting to use a

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

civil rights action to seek monetary damages for an allegedly unlawful conviction where success would necessarily implicate the fact or duration of his conviction, his claims are not cognizable under § 1983 unless and until plaintiff can show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under *Heck*, if a judgment in favor of a plaintiff on a civil rights action *necessarily* will imply the invalidity of his or her conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence already has been invalidated. *Id.*; *see also Skinner v. Switzer*, 562 U.S. 521, 525 (2011) ("Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983."). Accordingly, "*Heck* prohibits the use of § 1983 to attack the validity of a conviction, because a recovery in the damages action would necessarily imply that the conviction was wrongfully obtained." *Furnace v. Giurbino*, 838 F.3d 1019, 1027 (9th Cir. 2016).

Here, plaintiff alleges that his criminal conviction is on appeal. (ECF No. 1 at 12.) Accordingly, plaintiff must raise any claims challenging his conviction or the length of his sentence in a habeas action and not in a civil rights action.

**B.     Claims against the CDCR defendants in their official capacities**

The Complaint names at least two defendants who are employees of the CDCR in their official capacities. (ECF No. 1 at 3, 5.) However, the Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166. Accordingly, the claims against defendants Kernan and Allison in their official capacities are treated as claims

against the CDCR.

The Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State consents to waive its sovereign immunity or Congress abrogates it. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). In addition, "the eleventh amendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages." *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988). To overcome this Eleventh Amendment bar, the State's consent or Congress' intent must be "unequivocally expressed." *Pennhurst*, 465 U.S. at 99. While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court. *See BV Engineering v. Univ. of Calif., Los Angeles*, 858 F.2d 1394, 1396 (9th Cir. 1988). Finally, Congress has not repealed state sovereign immunity against suits brought under 42 U.S.C. § 1983.

The CDCR and its correctional facilities are state agencies that are immune from civil rights claims raised pursuant to § 1983. *See Pennhurst*, 465 U.S. at 100 ("This jurisdictional bar applies regardless of the nature of the relief sought."); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (the Eleventh Amendment bars claim for injunctive relief against Alabama and its Board of Corrections). Accordingly, plaintiff may not proceed with any civil rights claims seeking damages against any employee of the CDCR or its correctional facilities in that employee's official capacity.

C. **Claims against probation officers in their official capacities**

The Complaint purports to name defendant Rodriguez and multiple "Doe" defendants in their official capacities. (ECF No. 1 at 3-5.) Defendant Rodriguez and some of the "Doe" defendants are identified as employees of the Los Angeles

7

County Probation Department. (*Id.*) As set forth above, an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky*, 473 U.S. at 166. Accordingly, plaintiff's claims against any employee of the Los Angeles County Probation Department in his or her official capacity is treated the same as a suit against the County of Los Angeles ("County").

To raise a federal civil rights claim against a local government entity such as the County, however, the local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("local governments are responsible only for their own illegal acts").

Here, the Complaint fails to set forth any factual allegations that a specific policy or custom promulgated by the County was the "actionable cause" of a specific constitutional violation. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012) ("Under *Monell*, a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation."). In addition, liability against the County arising from an improper custom or policy may not be premised on an isolated incident such as plaintiff's allegations in the Complaint. *See, e.g., Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to

establish custom."), *overruled on other grounds, Bull v. City & County of San Francisco*, 595 F.3d 964, 981 (9th Cir. 2010) (en banc). Plaintiff's Complaint fails to set forth any factual allegations concerning any practice or custom of the County that he alleges was a "traditional method of carrying out policy" that caused an alleged constitutional violation.

Accordingly, the Court finds that plaintiff's Complaint fails to set forth factual allegations sufficient to allow the Court to draw a reasonable inference that any employee of the County (in his or her official capacity) is liable for any alleged constitutional violation. *See, e.g., Iqbal*, 556 U.S. at 678.

**D.      Rule 8**

Plaintiff's Complaint violates Rule 8 and fails to state a plausible claim against any named defendant. The Complaint includes one section entitled "Statement of Facts" in which plaintiff sets forth information concerning provisions of California law (ECF No. 1 at 6-7) as well as plaintiff's arrest, conviction, and sentencing history from 1994 through 2016 (*id*. at 8-9). Plaintiff then states that he was released or "'discharged' without any parole" on November 16, 2014. (*Id.* at 9.) Plaintiff alleges that, although he was discharged without parole supervision, he "was subjected to release supervision" as a convicted felon. Accordingly, plaintiff was placed on PRCS, which was to be supervised by the County's Probation Department. Plaintiff reported to defendant Victoria Rodriguez. (*Id*.) Plaintiff alleges that he repeatedly requested "assistance with housing, clothing, identification, employment, medical and mental health services, etc." but defendant Rodriguez "constantly denied any funding" and told plaintiff to "go to the Welfare Office." (*Id.*)

Plaintiff alleges within his "Statement of Facts" section that defendant Rodriguez and "state corrections" [sic] "showed plaintiff gross diliberate [sic] indifference and maliciously misrepresented the availability of services." (*Id*.)

9

Plaintiff also alleges that he became homeless and was unable to find employment. (*Id*. at 10.) Plaintiff was then arrested for shoplifting. After his release, plaintiff "returned to living in a car" and continued with the PRCS. (*Id*.) Plaintiff later was arrested for failure to report for supervision. (*Id*.) Plaintiff then was arrested in October 2015, after which he was convicted and sentenced to 23 years in prison. (*Id*. at 12.) As noted above, plaintiff alleges that the "prosecution relied on perjured testimony" and withheld evidence, and that he was "wrongfully convicted." (*Id*. at 12, 14.) Plaintiff also alleges that he was "denied any ADA assistance" while he was "fighting" the "unjust charges." (*Id*. at 12.)

Plaintiff alleges that "the CDCR, through Scott Kernan," and other officials, including defendant Rodriguez, "are responsible through their dereliction of ministorial [sic] and fudiciary [sic] duties to properly supervise and care for plaintiff." (*Id*. at 11.) In addition, he alleges that he was denied services "codified within the [California] Penal Code." (*Id*. at 14.) Plaintiff also alleges that he was "denied all safeguards of the United States Constitution" including protection under the Eighth Amendment against cruel and unusual punishment and "protections afforded persons disabled due to mental health problems under the ADA." (*Id*.)

In another section entitled "Legal Claims," plaintiff alleges in one paragraph the "denial of assistance as provided" under the California Penal Code , the deliberate indifference and "malicious abandonment forced upon plaintiff," the "unsafe, dangerous and cruel conditions realized [sic] by plaintiff as a direct result of defendant's [sic] omissions," the "denial of ADA provisions" discriminated against "plaintiff as a disabled person," and the "infliction of cruel and unusual treatment" was a "denial of plaintiff's Equal Protection" [sic] under the United States Constitution. (*Id*. at 16.) Plaintiff's Complaint, however, does not clearly set forth any specific claim against any named defendant.

First, because plaintiff references what appears to be multiple claims within one paragraph, and because he fails to link any of the multiple legal theories that he

references in that paragraph to any of the factual allegations in the Complaint, plaintiff's pleading fails to set forth a minimum factual or legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. Since plaintiff is a *pro se* litigant, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Further, plaintiff's Complaint must be adequate to meet the minimal requirement of Rule 8 that a pleading set forth sufficient factual allegations to allow each defendant to discern what he or she is being sued for. *See McHenry*, 84 F.3d at 1177; *see also Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level"). In addition, the Supreme Court has held that, while a plaintiff need not plead the legal basis for a claim, the plaintiff must allege "simply, concisely, and directly events" that are sufficient to inform the defendants of the "factual basis" of each claim. *Johnson*, 135 S. Ct. at 347. Here, plaintiff's Complaint fails to set forth a simple and direct statement of the factual or legal basis of any claim that is sufficient to allow any defendant to discern what he or she is being sued for.

In addition, to the extent that plaintiff is purporting to raise a federal civil rights claim against defendant Rodriguez, plaintiff also alleges that Rodriguez is a probation officer, and therefore Rodriguez is entitled to absolute immunity for claims for damages arising from the imposition of allegedly unconstitutional probation conditions. *See Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004). The imposition of conditions of probation or parole is a "quasi-judicial" function for which probation or parole officials are entitled to absolute immunity. *Id.* at 1188-89. It is the nature of the function performed, not the role or identity of the actor that determines the scope of absolute immunity. *See, e.g., Engebretson v. Mahoney*, 724 F.3d 1034, 1039 (9th Cir. 2013) ("the Supreme Court has

emphasized this functional approach for determining when public officials may claim absolute immunity under § 1983"). The Ninth Circuit has held that, where a specific probation condition was imposed as the result of "particularized and discretionary decisions by parole officers" as authorized by state law, the officers are entitled to absolute immunity from claims for damages. *See, e.g., Thornton v. Brown*, 757 F.3d 834, 839-40 (9th Cir. 2013); *Frantom v. White*, 627 Fed. Appx. 613, 614 (9th Cir. Dec. 16, 2015) ("defendants were entitled to absolute immunity for imposing [GPS] monitoring as a condition of [plaintiff's] probation pursuant to their discretionary authority" under California law) (now citable for its persuasive value per Ninth Circuit Rule 36-3); *see also France v. Brown*, 2017 U.S. Dist. Lexis 20183, at *5 (S.D. Cal. Feb. 13, 2017). Accordingly, to the extent that plaintiff is raising a federal civil rights claim against defendant Rodriguez for the imposition of conditions of plaintiff's supervision, it appears that Rodriguez would be entitled to absolute immunity. However, to the extent that plaintiff may be purporting to raise a claim against defendant Rodriguez alleging that she enforced or implemented plaintiff's probation conditions in an "unconstitutionally arbitrary or discriminatory manner," plaintiff may be able to state such a claim if he sets forth, "simply, concisely, and directly" the factual allegations giving rise each such claim. *See Johnson*, 135 S. Ct. at 347; *Thornton*, 757 F.3d at 840.

Further, plaintiff's Complaint purports to name two CDCR officials as defendants, but the Complaint fails to set forth any factual allegations that either defendant took any action, participated in another's action, or omitted to perform an action that he or she was legally obligated to take that caused a constitutional deprivation. Moreover, it appears that plaintiff's factual allegations arise from incidents that took place while plaintiff was not in the custody of the CDCR. To the extent that plaintiff intends to raise any federal civil rights claims against defendants Kernan or Allison, plaintiff should set forth a short and plain statement of each such claim showing that each defendant took a specific action, participated

in another's action, or omitted to perform an action that caused each alleged constitutional deprivation. In order to state a federal civil rights claim against a particular defendant, plaintiff must allege that a specific defendant, while acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiffs complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original)). Further, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676. Accordingly, plaintiff must allege that each defendant "through the official's own individual actions, has violated the Constitution." *Id*. at 676-77 ("each Government official, his or her title notwithstanding, is only liable for his or her own misconduct").

Moreover, it appears that plaintiff's Complaint, at least in part, purports to be claiming that the defendants failed to follow provisions of California's Penal Code in his sentencing, release from prison, re-arrest, and supervision in connection with the PRCS program. To the extent that plaintiff is purporting to raise a federal civil rights claim against any defendant arising from a defendant's alleged violation of state law, a defendant's alleged failure to comply with state law simply does not give rise to a federal civil rights claim. Rather, in order to state a federal civil rights claim against a particular defendant for violation of his civil rights, plaintiff must allege that the defendant deprived him of a right guaranteed under the United States Constitution or a federal statute. *See West*, 487 U.S. at 48.

For these reasons, the Court finds that plaintiff's Complaint violates Rule 8 and fails to state a claim against any defendant upon which relief may be granted

13

because it fails to set forth a simple, concise, and direct statement of the factual and legal basis of each of plaintiff's claims.

///

///

E. **Americans with Disabilities Act ("ADA")**

Plaintiff's Complaint references the ADA (ECF No. 1 at 12-14, 16), and he alleges that he has "mental health problems" and a "depressive disorder" (*id.* at 12-14), but plaintiff does not set forth a simple, concise, and direct statement of any claim he intends to raise pursuant to the ADA.

Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability in the provision of a program, activity, or service. 42 U.S.C. § 12132 ("no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a *public entity*, or be subjected to discrimination by any such entity" (emphasis added)). The Supreme Court has affirmed that Title II of the ADA applies to state prisons. *See Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 213 (1998) ("[T]he plain text of Title II of the ADA unambiguously extends to state prison inmates."). In order to state a claim for monetary damages pursuant to Title II of the ADA, plaintiff must set forth factual allegations that: (1) he is a qualified individual with a disability; (2) a defendant intentionally deprived him of participation in or otherwise discriminated against plaintiff with regard to the provision of a service, program, or activity; and (3) such exclusion or discrimination was by reason of his disability. *See, e.g., Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002); *Lee v. City of L.A.*, 250 F.3d 668, 691 (9th Cir. 2001) (Title II of the ADA prohibits public entities from discriminating against the disabled, as well as from excluding the disabled from participating in or benefitting from a public program, activity, or service, "solely by reason of disability"). In addition, plaintiff must show intentional discrimination.

*See T.B. v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 467 (9th Cir. 2015) ("If a plaintiff seeks monetary damages for a violation of . . . the ADA, he must show that the defendant acted with intent to deny him the benefits of the public program or a reasonable accommodation."); *see also Mendoza v. Roman Catholic Archbishop*, 824 F.3d 1148, 1150 (9th Cir. 2016) (in an ADA case, the plaintiff must demonstrate either that "a discriminatory animus is the reason for the challenged action" or that "discrimination is one of two or more reasons for the challenged decision"). The appropriate test for intentional discrimination is the deliberate indifference standard, which, in this context, "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Duvall v. Cnty of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001) (as amended); *see also Lovell*, 303 F.3d at 1056 ("compensatory damages are not available under Title II . . . absent a showing of discriminatory intent"). Moreover, the ADA applies only to public entities, and not individuals. *See Lovell*, 303 F.3d at 1052; *see also Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) (holding that "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA").

Here, plaintiff's Complaint does not simply, concisely, and directly set forth factual allegations that raise a reasonable inference that any entity defendant intentionally deprived plaintiff of participation in, or otherwise discriminated against him with regard to, the provision of a service, program, or activity; and that such exclusion or discrimination was because of his disability.

\*\*\*\*\*\*\*\*\*\*\*\*

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the pleading deficiencies discussed above.** The First Amended Complaint should bear the docket number assigned in this case; be

labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

**IT IS SO ORDERED**.

DATED: 4/26/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE