# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENNIE NORELLI,<br><br>               Plaintiff,<br><br>   v.<br><br>SCOTT KERNAN, *et al.*,<br><br>              Defendants. | Case No. CV 18-00768 CJC (AFM)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

On January 30, 2018, plaintiff, a state prisoner formerly confined at Corcoran State Prison in Corcoran, California, filed a Complaint (ECF No. 1) in this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff subsequently was granted leave to proceed without prepayment of the filing fees. (ECF No. 11.)

The Complaint named as defendants Scott Kernan, Secretary of the California Department of Corrections and Rehabilitation ("CDCR"); Kathleen Allison, Director of the CDCR's "Adult Division"; Victoria Rodriguez, a Probation Officer with the Los Angeles County Probation Office; and several "Doe" defendants. Plaintiff named each defendant in his or her official as well as individual capacity. (*Id.* at 3-5.) Plaintiff's claims appear to arise from plaintiff's time subject to "post release community supervision" ("PRCS"). (*Id.* at 2.) According to California courts, PRCS is similar to parole and former prisoners are monitored by county probation officers.

*See, e.g., People v. Jones*, 231 Cal. App. 4th 1257, 1266 (2014) ("PRCS is similar to parole," and is monitored by county probation officers).

The Court screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 134 S. Ct. 2056, 2065 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). Rather, a court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013). Then, "dismissal is appropriate where the plaintiff failed to allege enough *facts* to state a claim to relief that is plausible on its face." *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (internal quotation marks omitted, emphasis added).

Further, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). However, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

In addition, Fed. R. Civ. P. 8(a) ("Rule 8") states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct. No technical form is required." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair

3

notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

Following careful review of the initial Complaint, the Court found that it failed to comply with Rule 8 because it failed to state a short and plain statement of each claim that was sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. In addition, its allegations appeared insufficient to state any claim upon which relief may be granted. Accordingly, the Complaint was dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted). If plaintiff desired to pursue this action, he was ordered to file a First Amended Complaint no later than thirty (30) days after the date of the Court's Order, remedying the deficiencies discussed in the Court's Order. Further, plaintiff was admonished that, if he failed to timely file a First Amended Complaint, or failed to remedy the deficiencies of this pleading as discussed herein, the Court would recommend that this action be dismissed without leave to amend and with prejudice. (ECF No. 15.)

Following an extension of time, plaintiff filed a First Amended Complaint ("FAC") on July 26, 2018. (ECF No. 19.) In the FAC, plaintiff names as defendants Victoria Rodriguez, a Deputy Probation Officer, and the Los Angeles County Probation Department ("County"). Defendant Rodriguez is named in both her individual and official capacities. (*Id*. at 2-3.) Plaintiff alleges that defendants directed "actions . . . against plaintiff in the City of Los Angeles, California, on the dates of November 18, 2014, through July 23, 2015. (*Id*. at 2.) Plaintiff seeks monetary damages. (*Id*. at 20.)

Following careful review of the FAC, the Court finds that it once again fails to comply with Rule 8 because it fails to state a short and plain statement of each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. In addition, its allegations appear insufficient to state any claim upon which relief may be granted. Accordingly, the FAC is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a Second Amended Complaint no later than thirty (30) days after the date of this Order, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a Second Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without further leave to amend and with prejudice.[1]

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the First Amended Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a Second Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the

A.     Rule 8

Plaintiff's FAC once again violates Rule 8 and fails to state a plausible claim against any named defendant. The FAC purports to raise four claims, but plaintiff does not specify which claim is being raised against which defendant. (ECF No. 19 at 4-6.) The FAC then includes a section entitled "Supporting Facts" in which plaintiff sets forth information concerning provisions of California law (*id*. at 6-7, 10) and plaintiff's medical issues and his arrest, conviction, and sentencing history (*id*. at 6-8, 11-13); plaintiff also sets forth his contacts with defendant Rodriguez (*id*. at 7-12). It is not clear which of these "facts" pertain to which of plaintiff's claims, but plaintiff incorporates all of the preceding paragraphs of his FAC into his Claim I (*id* at 13), and then into his Claim II, including the paragraphs setting forth plaintiff's Claim I (*id*. at 15). Similarly, plaintiff incorporates all of his preceding paragraphs and each of his earlier claims into his Claim III (*id*. at 16) and his Claim IV (*id*. at 18). Plaintiff purports to raise his Claim I against the County (*id*. at 14), his Claim II against defendant Rodriguez (*id*. at 15), his Claim III against the County (*id*. at 16), and his Claim IV against Rodriguez (*id*. at 18). However, because plaintiff incorporates each of the proceeding claims into his other claims, it appears that plaintiff may be attempting to raise all four claims against both defendants.

Plaintiff alleges that he was released from state prison on November 6, 2014, after serving 20 years and 2 months of a life term, and that he was "'discharged' without state parole supervision." (*Id.* at 6.) The Court notes that, on September 13, 2018, plaintiff filed a change of address herein indicating that plaintiff is again confined to a state prison, the Richard J. Donovan Correctional Facility in San Diego, California. (ECF No. 22.)

In the FAC, plaintiff alleges that, although he was discharged without parole

provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

6

supervision on November 16, 2014, he was placed on PRCS pursuant to state law. (ECF No. 19 at 6.) Plaintiff reported to the Los Angeles County Probation Office in November 2014, and he met with defendant Victoria Rodriguez. (*Id*. at 7.) Plaintiff alleges that he requested "assistance" with housing, clothing, identification, food, transportation, medical and mental health services, but defendant Rodriguez told plaintiff that no "assistance" was available. Rodriguez directed plaintiff to an "on-site social worker," who did not refer plaintiff to any services or programs. (*Id*.) Defendant Rodriguez was "aware of plaintiff's" mental and medical problems, and she did not investigate plaintiff's "mental health issues." (*Id*. at 8.) Defendant Rodriguez informed plaintiff that she was going to "start drug testing on plaintiff" although plaintiff had been told by a "drug counselor" that the counselor was going to recommend that drug testing was not needed. (*Id*.) Plaintiff alleges that, although defendant Rodriguez "had the time, resources, and inclination to start drug testing, she refused to give plaintiff any assistance." (*Id*. at 8-9.) In December 2014, defendant Rodriguez told plaintiff to "go to the Welfare Office." (*Id*. at 9.)

Plaintiff "started to question why he was even on probation." (*Id*. (emphasis removed).) Plaintiff alleges that he was entitled to receive various social services under state law. (*Id*. at 9-10.) Following a "residency check" by a "team" with the Los Angeles Police Department, which plaintiff alleges was "sent" by Rodriguez, in March 2015, plaintiff was "evicted" and began sleeping in his car. (*Id*. at 11.)

Plaintiff was arrested for shoplifting in March 2015, and sentenced to a 30-day term in county jail. After his release, plaintiff returned to living in a car, although plaintiff was assigned by the court in connection with the petty theft to a "mental health clinic." (*Id*. at 11-12.) In April 2015, plaintiff reported to the "probation office" and learned that he had a new probation officer. (*Id*. at 12.)

Plaintiff was told by the new probation officer to report to the office within five days of May 20, 2015, but plaintiff "did not make that 5-day appointment," and he was arrested on June 21, 2015, for failing to report to probation. (*Id*. at 12-13.)

Plaintiff alleges that he was released on July 23, 2015, without probation. (*Id*. at 13.)

In his Claim I, plaintiff alleges that the County violated plaintiff's "right to be free from Cruel and Unusual Punishment" under the Eighth Amendment, by failing to "properly supervise and care for plaintiff." In this same "claim," plaintiff also references his due process and equal protection rights. (*Id*. at 14.) In his Claim II, plaintiff alleges that defendant Rodriguez violated plaintiff's "right to Due Process and Equal Protection" by "following and maintaining a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the governmental [sic] municipality [sic] she's employed by." (*Id*. at 15.) Plaintiff also alleges in this same "claim" that defendant Rodriguez violated plaintiff's rights under the Cruel and Unusual Punishment Clause of the Eighth Amendment by "her failure to properly supervise and care for plaintiff while under court-ordered supervision." (*Id*.) In his Claim IV, plaintiff again alleged that defendant Rodriguez violated his rights to due process and equal protection under the Eighth and Fourteenth Amendments by "demonstrating 'deliberate indifference' against [sic] plaintiff's disability." Plaintiff also references the Americans with Disabilities Act in this claim, and alleges that Rodriguez violated plaintiff's "rights as a disable[d] person" by ignoring "plaintiff's disability." (*Id*. at 18.)

Because plaintiff references what appear to be multiple claims within each of his "claims," because he incorporates all of his factual allegations and each of his preceding claims into each of the later claims, and because he fails to link any of the multiple legal theories that he references to any of the specific factual allegations in the FAC, plaintiff's pleading fails to set forth a minimum factual or legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. Since plaintiff is a *pro se* litigant, the Court must construe the allegations of the FAC liberally and must afford plaintiff the benefit of any doubt. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*,

542 U.S. 225, 231 (2004). Further, plaintiff's FAC must be adequate to meet the minimal requirement of Rule 8 that a pleading set forth sufficient factual allegations to allow each defendant to discern what he or she is being sued for. *See McHenry*, 84 F.3d at 1177; *see also Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level"). In addition, the Supreme Court has held that, while a plaintiff need not plead the legal basis for a claim, the plaintiff must allege "simply, concisely, and directly events" that are sufficient to inform the defendants of the "factual basis" of each claim. *Johnson*, 135 S. Ct. at 347. Here, plaintiff's FAC once again fails to set forth a simple, concise, and direct statement of the factual events giving rise to each claim that is sufficient to allow the defendants to discern what they are being sued for.

In addition, to the extent that plaintiff is purporting to raise a federal civil rights claim against defendant Rodriguez, plaintiff alleges that Rodriguez is a probation officer who was supervising plaintiff while he was on PRCS. Therefore, Rodriguez is entitled to absolute immunity for any claims for damages arising from the imposition of allegedly unconstitutional parole or probation conditions. *See Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004). The imposition of conditions of probation or parole is a "quasi-judicial" function for which probation or parole officials are entitled to absolute immunity. *Id.* at 1188-89. It is the nature of the function performed, not the role or identity of the actor that determines the scope of absolute immunity. *See, e.g., Engebretson v. Mahoney*, 724 F.3d 1034, 1039 (9th Cir. 2013) ("the Supreme Court has emphasized this functional approach for determining when public officials may claim absolute immunity under § 1983"). The Ninth Circuit has held that, where a specific condition was imposed as the result of "particularized and discretionary decisions by parole officers" as authorized by state law, the officers are entitled to absolute immunity from claims for damages. *See, e.g., Thornton v. Brown*, 757 F.3d 834, 839-40 (9th Cir. 2013); *Frantom v. White*, 627 Fed. Appx. 613, 614 (9th Cir. Dec. 16, 2015) ("defendants were entitled to

absolute immunity for imposing [GPS] monitoring as a condition of [plaintiff's] probation pursuant to their discretionary authority" under California law) (now citable for its persuasive value per Ninth Circuit Rule 36-3); *see also France v. Brown*, 2017 U.S. Dist. Lexis 20183, at *5 (S.D. Cal. Feb. 13, 2017). Accordingly, to the extent that plaintiff is raising a federal civil rights claim against defendant Rodriguez for the imposition of conditions of plaintiff's supervision, such as requiring plaintiff to continue to be subjected to drug testing, it appears that defendant Rodriguez would be entitled to absolute immunity. However, to the extent that plaintiff may be purporting to raise a claim against defendant Rodriguez arising from allegations that she enforced or implemented plaintiff's PRCS conditions in an "unconstitutionally arbitrary or discriminatory manner," plaintiff may be able to state such a claim if he sets forth, "simply, concisely, and directly" the factual allegations giving rise each such claim. *See Johnson*, 135 S. Ct. at 347; *Thornton*, 757 F.3d at 840. Plaintiff's FAC fails to point to any specific conditions that he alleges defendant Rodriguez enforced in an "unconstitutionally arbitrary or discriminatory manner."

Based on the factual allegations of the FAC, it appears that defendant Rodriguez was assigned as plaintiff's supervising officer only from mid-November 2014 (ECF No. 19 at 7) until April 2015 (*id.* at 12), a period of less than six months. Further, plaintiff alleges that he was confined to a County jail facility for approximately thirty days during the brief period of time in which Rodriguez was plaintiff's supervising officer. (*Id.* at 11.)

Moreover, it appears that plaintiff's FAC, at least in part, purports to claim that the defendants failed to follow provisions of California law in his supervision in connection with the PRCS program. To the extent that plaintiff is purporting to raise a federal civil rights claim against any defendant arising from a defendant's alleged violation of state law, a defendant's alleged failure to comply with state law does not give rise to a federal civil rights claim. Rather, in order to state a federal civil rights claim against a particular defendant for violation of his civil rights, plaintiff must

allege that a specific defendant, while acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiffs complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original)). Further, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676.

For these reasons, the Court finds that plaintiff's FAC violates Rule 8 and fails to state a claim against any defendant upon which relief may be granted.

**B.     Claims against the County and Rodriguez in her official capacity**

The FAC once again purports to name defendant Rodriguez in her official capacity. (ECF No. 19 at 3.) Defendant Rodriguez appears to be an employee of the Los Angeles County Probation Department. (*Id*. at 3, 6).

The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166. Further, an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky*, 473 U.S. at 166. Accordingly, plaintiff's claims against defendant Rodriguez, or any employee of the Los Angeles County Probation Department, in his or her official capacity, is treated the same as a suit against the County.

To raise a federal civil rights claim against a local government entity such as the County, the local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose

11

edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("local governments are responsible only for their own illegal acts").

Here, the FAC fails to set forth any factual allegations that a specific policy or custom promulgated by the County was the "actionable cause" of a specific constitutional violation. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012) ("Under *Monell*, a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation."). In addition, liability against the County arising from an improper custom or policy may not be premised on an isolated incident. *See, e.g., Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom."), *overruled on other grounds, Bull v. City & County of San Francisco*, 595 F.3d 964, 981 (9th Cir. 2010) (en banc). Plaintiff's FAC fails to set forth any factual allegations concerning any practice or custom of the County that he alleges was a "traditional method of carrying out policy" that caused an alleged constitutional violation. Although the FAC alleges that plaintiff spoke to other men who had been released from state prison and who also were not receiving assistance under the state laws that plaintiff alleges the County was violating (ECF No. 19 at 10, 12-13), the allegation that more than one former state prisoner in Los Angeles County was dissatisfied with the services being provided by the County while the former prisoners were on supervised release does not give rise

to a reasonable inference that the County or defendant Rodriguez violated plaintiff's federal rights because of a practice, custom, or policy of the County.

Accordingly, the Court finds that plaintiff's FAC fails to set forth factual allegations sufficient to allow the Court to draw a reasonable inference that any employee of the County (in his or her official capacity) is liable for any alleged constitutional violation. *See, e.g., Iqbal*, 556 U.S. at 678.

**C.     Americans with Disabilities Act ("ADA")**

Plaintiff's FAC references the ADA (ECF No. 19 at 5-6, 11, 18), and alleges that he has "mental health issues," "suffers from Hep-C [sic], left eye cataract, and food issues," and "severe depression and mood swings." (*Id*. at 7-8.) Plaintiff, however, does not set forth a simple, concise, and direct statement of any claim he intends to raise pursuant to the ADA.

Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability in the provision of a program, activity, or service. 42 U.S.C. § 12132 ("no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a *public entity*, or be subjected to discrimination by any such entity" (emphasis added)). In order to state a claim for monetary damages pursuant to Title II of the ADA, plaintiff must set forth factual allegations that: (1) he is a qualified individual with a disability; (2) a defendant intentionally deprived him of participation in or otherwise discriminated against plaintiff with regard to the provision of a service, program, or activity; and (3) such exclusion or discrimination was by reason of his disability. *See, e.g., Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002); *Lee v. City of L.A.*, 250 F.3d 668, 691 (9th Cir. 2001) (Title II of the ADA prohibits public entities from discriminating against the disabled, as well as from excluding the disabled from participating in or benefitting from a public program, activity, or service, "solely by reason of disability"). In addition, plaintiff must show intentional discrimination. *See T.B. v. San Diego Unified Sch.*

*Dist.*, 806 F.3d 451, 467 (9th Cir. 2015) ("If a plaintiff seeks monetary damages for a violation of . . . the ADA, he must show that the defendant acted with intent to deny him the benefits of the public program or a reasonable accommodation."); *see also Mendoza v. Roman Catholic Archbishop*, 824 F.3d 1148, 1150 (9th Cir. 2016) (in an ADA case, the plaintiff must demonstrate either that "a discriminatory animus is the reason for the challenged action" or that "discrimination is one of two or more reasons for the challenged decision"). The appropriate test for intentional discrimination is the deliberate indifference standard, which, in this context, "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Duvall v. Cnty of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001) (as amended); *see also Lovell*, 303 F.3d at 1056 ("compensatory damages are not available under Title II . . . absent a showing of discriminatory intent"). Moreover, the ADA applies only to public entities, and not individuals. *See Lovell*, 303 F.3d at 1052; *see also Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) (holding that "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA").

Here, plaintiff's FAC does not simply, concisely, and directly set forth factual allegations that raise a reasonable inference that any entity defendant intentionally deprived plaintiff of participation in, or otherwise discriminated against him with regard to, the provision of a service, program, or activity; and that such exclusion or discrimination was because of a disability.

Further, to the extent that the FAC appears to be purporting to raise a claim pursuant to the ADA against defendant Rodriguez, plaintiff is admonished that the ADA only provides a cause of action against public entities and not individual defendants. *See Vinson*, 288 F.3d at 1156.

Accordingly, for the reasons stated above, the Court finds that plaintiff's FAC fails to state a claim against any defendant upon which relief may be granted.

************

**If plaintiff still desires to pursue this action, he is ORDERED to file a Second Amended Complaint no later than thirty (30) days after the date of this Order, remedying the pleading deficiencies discussed above.** The Second Amended Complaint should bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the original Complaint, the First Amended Complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a Second Amended Complaint.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**Plaintiff is further admonished that, if he fails to timely file a Second Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and/or for failure to diligently prosecute.**

**IT IS SO ORDERED**.

DATED: 10/17/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE