# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENNIE NORELLI,<br><br>　　　　　Plaintiff,<br>　v.<br>SCOTT KERNAN, *et al.*,<br><br>　　　　　Defendants. | Case No. CV 18-00768 CJC (AFM)<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND** |

On January 30, 2018, plaintiff, a state prisoner formerly confined at Corcoran State Prison in Corcoran, California, filed a Complaint (ECF No. 1) in this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff subsequently was granted leave to proceed without prepayment of the filing fees. (ECF No. 11.)

The Complaint named as defendants Scott Kernan, Secretary of the California Department of Corrections and Rehabilitation ("CDCR"); Kathleen Allison, Director of the CDCR's "Adult Division"; Victoria Rodriguez, a Probation Officer with the Los Angeles County Probation Office; and several "Doe" defendants. Plaintiff named each defendant in his or her official as well as individual capacity. (*Id.* at 3-5.) Plaintiff's claims appear to arise from plaintiff's time subject to "post release community supervision" ("PRCS"). (*Id.* at 2.) According to California courts, PRCS is similar to parole and former prisoners are monitored by county probation officers.

*See, e.g., People v. Jones*, 231 Cal. App. 4th 1257, 1266 (2014) ("PRCS is similar to parole," and is monitored by county probation officers).

The Court screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 134 S. Ct. 2056, 2065 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). Rather, a court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013). Then, "dismissal is appropriate where the plaintiff failed to allege enough *facts* to state a claim to relief that is plausible on its face." *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (internal quotation marks omitted, emphasis added).

1    Further, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). However, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

In addition, Fed. R. Civ. P. 8(a) ("Rule 8") states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct. No technical form is required." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair

notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

Following careful review of the initial Complaint, the Court found that it failed to comply with Rule 8 because it failed to state a short and plain statement of each claim that was sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. In addition, its allegations appeared insufficient to state any claim upon which relief may be granted. Accordingly, the Complaint was dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted). If plaintiff desired to pursue this action, he was ordered to file a First Amended Complaint no later than thirty (30) days after the date of the Court's Order, remedying the deficiencies discussed in the Court's Order. Further, plaintiff was admonished that, if he failed to timely file a First Amended Complaint, or failed to remedy the deficiencies of this pleading as discussed herein, the Court would recommend that this action be dismissed without

leave to amend and with prejudice. (ECF No. 15.)

Following an extension of time, plaintiff filed a First Amended Complaint ("FAC") on July 26, 2018. (ECF No. 19.) In the FAC, plaintiff names as defendants Victoria Rodriguez, a Deputy Probation Officer, and the Los Angeles County Probation Department ("County"). Defendant Rodriguez is named in both her individual and official capacities. (*Id.* at 2-3.) In the FAC, Plaintiff alleges that defendants directed "actions . . . against plaintiff in the City of Los Angeles, California, on the dates of November 18, 2014, through July 23, 2015. (*Id.* at 2.) Plaintiff seeks monetary damages. (*Id.* at 20.)

Following careful review of the FAC, the Court found that the FAC once again failed to comply with Rule 8 because it failed to state a short and plain statement of each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. In addition, its allegations appeared insufficient to state any claim upon which relief may be granted. Accordingly, the FAC was dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted). If plaintiff desired to pursue this action, he was ordered to file a Second Amended Complaint no later than thirty (30) days after the date of the Court's Order, remedying the deficiencies discussed in the Court's Order. Further, plaintiff was admonished that, if he failed to timely file a Second Amended Complaint, or failed to remedy the deficiencies of this pleading as discussed herein, the Court would recommend that this action be dismissed without leave to amend and with prejudice. (ECF No. 24.)

Following an extension of time, plaintiff filed a Second Amended Complaint ("SAC") on January 18, 2019. (ECF No. 27.) In the SAC, plaintiff names as defendant Victoria Rodriguez, a Deputy Probation Officer. Defendant Rodriguez is named in both her individual and official capacities. (*Id.* at 3.) Plaintiff alleges that

defendant "intentionally subjected plaintiff to deliberate indifference by failing to supervise and care for plaintiff and did not fulfill her legal obligations pursuant to AB-109 . . . and Proposition 36" from November 2014, to July 2015. (*Id*. at 5.) Plaintiff seeks monetary damages. (*Id*. at 6.)

Following careful review of the SAC, the Court finds that Plaintiff's SAC once again fails to comply with Rule 8 and fails to state a plausible claim against the named defendant.

**If plaintiff desires to pursue this action, he is ORDERED to file a Third Amended Complaint no later than thirty (30) days after the date of this Order, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a Third Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without further leave to amend and with prejudice.[1]

**A.   Rule 8**

Plaintiff's SAC once again fails to comply with Rule 8. Plaintiff states that he was on probation under AB-109 from November 2014 through July 2015. Plaintiff alleges that defendant Rodriguez ("defendant"), plaintiff's probation officer, "intentionally subjected plaintiff to deliberate indifference by failing to supervise and care for plaintiff." (ECF No. 27 at 5.) However, the SAC does not allege any facts in support of plaintiff's claim. Plaintiff alleges that defendant "denied all assistance

---

[1]   Plaintiff is advised that this Court's determination herein that the allegations in the Second Amended Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a Third Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

afforded plaintiff" and that she denied said assistance "by her agenda of deliberate indifference." (*Id*. at 5-6). Plaintiff alleges that as a result of defendant's "conscious disregard of plaintiff's rights" and her failure to follow the policies, to wit, AB-109 and Proposition 36, he suffered "pain, shame, emotional distress and mental anguish." (*Id*. at 6.)

Since plaintiff is a *pro se* litigant, the Court must construe the allegations of the SAC liberally and must afford plaintiff the benefit of any doubt. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Further, plaintiff's SAC must be adequate to meet the minimal requirement of Rule 8 that a pleading set forth sufficient factual allegations to allow the defendant to discern what she is being sued for. *See McHenry*, 84 F.3d at 1177; *see also Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level"). In addition, the Supreme Court has held that, while a plaintiff need not plead the legal basis for a claim, the plaintiff must allege "simply, concisely, and directly events" that are sufficient to inform the defendants of the "factual basis" of each claim. *Johnson*, 135 S. Ct. at 347.

To the extent that plaintiff is purporting to raise a federal civil rights claim against defendant Rodriguez, plaintiff alleges that Rodriguez is a probation officer who was supervising plaintiff while he was on PRCS. Therefore, Rodriguez is entitled to absolute immunity for any claims for damages arising from the imposition of allegedly unconstitutional parole or probation conditions. *See Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004). The imposition of conditions of probation or parole is a "quasi-judicial" function for which probation or parole officials are entitled to absolute immunity. *Id.* at 1188-89. It is the nature of the function performed, not the role or identity of the actor that determines the scope of absolute immunity. *See, e.g., Engebretson v. Mahoney*, 724 F.3d 1034, 1039 (9th Cir. 2013) ("the Supreme Court has emphasized this functional approach for determining when

7

public officials may claim absolute immunity under § 1983"). The Ninth Circuit has held that, where a specific condition was imposed as the result of "particularized and discretionary decisions by parole officers" as authorized by state law, the officers are entitled to absolute immunity from claims for damages. *See, e.g., Thornton v. Brown*, 757 F.3d 834, 839-40 (9th Cir. 2013); *Frantom v. White*, 627 Fed. Appx. 613, 614 (9th Cir. Dec. 16, 2015) ("defendants were entitled to absolute immunity for imposing [GPS] monitoring as a condition of [plaintiff's] probation pursuant to their discretionary authority" under California law) (now citable for its persuasive value per Ninth Circuit Rule 36-3); *see also France v. Brown*, 2017 U.S. Dist. Lexis 20183, at *5 (S.D. Cal. Feb. 13, 2017). Accordingly, to the extent that plaintiff is raising a federal civil rights claim against defendant Rodriguez for the imposition of conditions of plaintiff's supervision, it appears that defendant Rodriguez would be entitled to absolute immunity.

To the extent that plaintiff is purporting to raise a federal civil rights claim against defendant arising from defendant's alleged violation of state law, such as AB-109, a defendant's alleged failure to comply with state law does not give rise to a federal civil rights claim. Rather, in order to state a federal civil rights claim against a particular defendant for violation of his civil rights, plaintiff must allege that a specific defendant, while acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiffs complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original)).

To the extent that plaintiff may be purporting to raise a claim against defendant Rodriguez arising from allegations that she enforced or implemented plaintiff's

8

PRCS conditions in an "unconstitutionally arbitrary or discriminatory manner," plaintiff may be able to state such a claim if he sets forth, "simply, concisely, and directly" the factual allegations giving rise each such claim. *See Johnson*, 135 S. Ct. at 347; *Thornton*, 757 F.3d at 840. Plaintiff's SAC fails to point to any specific conditions that he alleges defendant Rodriguez enforced in an "unconstitutionally arbitrary or discriminatory manner." (*Id.*)

Plaintiff alleges that defendant's "failure to supervise and care for plaintiff" violated plaintiff's "guarantee to be free from cruel and unusual punishment" under the Eighth Amendment. (ECF No. 27 at 5, 6.) However, Plaintiff's SAC fails to set forth the factual events giving rise to his claim. Plaintiff's SAC pleads only conclusions. In his SAC, plaintiff alleges that defendant: (1) "fulfill[ed] her agenda to violate state prisoner's rights"; (2) "intentionally subjected plaintiff to deliberate indifference by failing to supervise and care for plaintiff"; (3) "did not fulfill her legal obligations pursuant to AB-109"; (4) "denied all assistance afforded plaintiff that was directed for probationers through AB-109 and Proposition 36"; and (5) by her "wrongful actions, inactions, and omissions violate[d] 42 USC 1983 by violating the U.S. Constitution of the United States." (*Id.* at 5-6.) Each of these statements lacks the factual foundation that would tell the Court what actions the defendant took or failed to take and how, as a direct result, plaintiff was harmed. While the Court must accept the factual allegations in a complaint as true, it "[is] not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. Plaintiff's statements do no more than "infer the mere possibility of misconduct." *Id.* at 679. But mere inferences fail to show that "the pleader is entitled to relief." *Id.* By providing only conclusory statements, plaintiff objectively fails to meet the pleading standard that is required to state a claim.

For these reasons, the Court finds that plaintiff's SAC violates Rule 8 and fails to state a claim against any defendant upon which relief may be granted.

**B.     Claims against Rodriguez in her official capacity**

The SAC once again purports to name defendant Rodriguez in her official capacity. (ECF No. 27 at 3.) Defendant Rodriguez appears to be an employee of the Los Angeles County Probation Department. (*Id*. at 3, 5.)

The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166. Further, an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky*, 473 U.S. at 166. Accordingly, plaintiff's claims against defendant Rodriguez, or any employee of the Los Angeles County Probation Department, in his or her official capacity, is treated the same as a suit against the County.

To raise a federal civil rights claim against a local government entity such as the County, the local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("local governments are responsible only for their own illegal acts").

Here, the SAC fails to set forth any factual allegations that a specific policy or custom promulgated by the County was the "actionable cause" of a specific constitutional violation. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012) ("Under *Monell*, a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation."). In addition, liability against the County arising from an improper custom or policy may not be premised on an isolated incident. *See, e.g.,*

*Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom."), *overruled on other grounds, Bull v. City & County of San Francisco*, 595 F.3d 964, 981 (9th Cir. 2010) (en banc).

Plaintiff's SAC fails to set forth any factual allegations concerning any practice or custom of the County that caused an alleged constitutional violation. Plaintiff's SAC alleges that defendant "did not fulfill her legal obligations pursuant to AB-109" and that, "following policy," she "denied all assistance afforded plaintiff . . . through AB-109 and Proposition 36." (ECF No. 27 at 5-6.) The allegation that defendant was "following policy" without more does not give rise to a reasonable inference that the County or defendant Rodriguez violated plaintiff's federal rights because of a practice, custom, or policy of the County.

Accordingly, the Court finds that plaintiff's SAC fails to set forth factual allegations sufficient to allow the Court to draw a reasonable inference that defendant in her official capacity is liable for any alleged constitutional violation. *See, e.g., Iqbal*, 556 U.S. at 678.

For the reasons stated above, the Court finds that plaintiff's SAC fails to state a claim against defendant upon which relief may be granted.

\*\*\*\*\*\*\*\*\*\*\*\*

**If plaintiff still desires to pursue this action, he is ORDERED to file a Third Amended Complaint no later than thirty (30) days after the date of this Order, remedying the pleading deficiencies discussed above.** The Third Amended Complaint should bear the docket number assigned in this case; be labeled "Third Amended Complaint"; and be complete in and of itself without reference to the

11

original Complaint, the First Amended Complaint, the Second Amended Complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a Third Amended Complaint.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**Plaintiff is further admonished that, if he fails to timely file a Third Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and/or for failure to diligently prosecute.**

**IT IS SO ORDERED**.

DATED: 3/7/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachments: Civil Rights Complaint (Form CV-066)
Notice of Dismissal (Form CV-009)